UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROSS HACK,

                Plaintiff,

v.

CHARLOTTE COLLINS et al.,

                Defendants.

Case No. 2:14-cv-1305-RFB-PAL

ORDER

       This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Nevada Southern Detention Center. Plaintiff did not file an application to proceed *in forma pauperis* or pay the full filing fee for this action. On November 12, 2014, this Court issued an order directing Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within thirty days from the date of that order. Order 2, ECF No. 2. The thirty-day period has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the Court's order.

       District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for

1  noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir.
2  1992) (dismissal for failure to comply with an order requiring amendment of complaint);
3  Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply
4  with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v.
5  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
6  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
7  for lack of prosecution and failure to comply with local rules).

8        In determining whether to dismiss an action for lack of prosecution, failure to
9  obey a court order, or failure to comply with local rules, the court must consider several
10 factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need
11 to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
12 favoring disposition of cases on their merits; and (5) the availability of less drastic
13 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423–24; Malone,
14 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

15       In the instant case, the Court finds that the first two factors, the public's interest in
16 expeditiously resolving this litigation and the Court's interest in managing the docket,
17 weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also
18 weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
19 unreasonable delay in filing a pleading ordered by the court or prosecuting an action.
20 See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public
21 policy favoring disposition of cases on their merits – is greatly outweighed by the factors
22 in favor of dismissal discussed herein.  Finally, a court's warning to a party that his
23 failure to obey the court's order will result in dismissal satisfies the "consideration of
24 alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132–33;
25 Henderson, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an application
26 to proceed *in forma pauperis* or pay the full filing fee within thirty days expressly stated,
27 "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order,
28 dismissal of this action may result."  Order 2, ECF No. 2.  Thus, Plaintiff had adequate

1 warning that dismissal would result from his noncompliance with the Court's order to file
2 an application to proceed *in forma pauperis* or pay the full filing fee within thirty days.
3     IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice
4 based on Plaintiff's failure to file an application to proceed *in forma pauperis* or pay the
5 full filing fee in compliance with this Court's November 12, 2014, order.
6     IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment
7 accordingly.
8     DATED THIS 16th day of January, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE